# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CARLOS RAMIREZ,

      Plaintiff,

v.                                        CASE NO: 8:10-cv-2003-T-26TGW

BAUSCH & LOMB, INC.,

      Defendant.

_____/

## **O R D E R**

Pending before the Court, in what has recently become a contentious case, are the parties' respective motions to compel and responses to those motions.  Although the Court has scheduled a hearing on the motions on Thursday, September 29, 2011, at 10:00 a.m., after careful review of the parties' submissions, the Court now concludes that a hearing is unnecessary to resolve the motions.

With regard to Plaintiff's motion to compel Defendant to produce audits, audited related materials, and Food and Drug Administration correspondence, the Court agrees with Defendant's principal argument that "any audits, violations, problems, issues or events that Plaintiff was unaware of during his employment cannot possibly be relevant in this case."  That is, as Defendant correctly contended in its responses to Plaintiff's requests for production of documents, "only documents related to incidents in which Plaintiff was allegedly involved and/or aware of are relevant here."  Consequently,

because, according to the unrefuted affidavit of Wendy Gold, none of the documents that may be responsive to Plaintiff's various requests for production of documents relate in any manner to the incidents upon which Plaintiff bases his various claims while employed by Defendant, Plaintiff's motion is due to be denied.

With respect to Defendant's expedited motion seeking an order compelling an inspection of Plaintiff's e-mail accounts, computers, hard-drives, and electronic devices and for sanctions, the Court determines that Defendant has wholly failed through its many and varied submissions, including the notice just filed at docket 55, to meet its burden of convincing the Court that Plaintiff has failed to comply with previous discovery requests made in conformity with the discovery rules of the Federal Rules of Civil Procedure to the extent that it should be given access to Plaintiff's e-mail accounts, computers, hard-drives, and electronic devices. See In Re: Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003). Indeed, as the recent notice filed by Defendant indisputably reflects, Plaintiff is continuing to supplement his answers to interrogatories and responses to requests for production of documents as required by Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure. Thus, Defendant's motion is due to be denied.

Accordingly, for the reasons expressed, Plaintiff's Motion to Compel Production of Audits, Audit Related Materials and Food and Drug Administration Correspondence (Dkt. 36) and Defendant's Expedited Motion to Compel Inspection of Plaintiff's E-Mail Accounts, Computers, Hard-Drives, and Electronic Devices and for Sanctions (Dkt. 32)

are denied and the hearing scheduled for Thursday, September 29, 2011, at 10:00 a.m., is cancelled.  Counsel for the parties are reminded that in future interactions they are required by Local Rule 2.04(h) to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."  Any counsel determined not to have complied with this rule-based standard of conduct will be subject to sanctions.

Finally, based on counsels' previous joint requests, the Court extends the deadline to depose expert witnesses until November 7, 2011, and to file dispositive motions until November 17, 2011.

**DONE AND ORDERED** at Tampa, Florida, on September 26, 2011.

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record